# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

---

No. 23-6359

---

ROBERT FRAZIER *et al.*,

Plaintiffs-Appellants,

v.

PRINCE GEORGE'S COUNTY, MARYLAND *et al.*,

Defendants-Appellees.

## PLAINTIFFS-APPELLANTS' OPPOSED MOTION FOR SUMMARY REVERSAL OR, IN THE ALTERNATIVE, TO EXPEDITE APPEAL

Plaintiffs-Appellants ("Plaintiffs") hereby respectfully move this Court to summarily reverse, vacate, and remand the District Court's Order ("the Order"), Exhibit A, denying Plaintiffs' Motion for a Preliminary Injunction ("Plaintiffs' Motion"), Doc. 2,[1] because the District Court did not "state the findings and conclusions that support its action," as required by Fed. R. Civ. P. 52(a)(2). In the alternative, Plaintiffs seek expedited consideration of this appeal, as Plaintiffs and the putative class continue to suffer irreparable harm because of Defendants-Appellees' ("Defendants") ongoing practices.

---

[1] Unless otherwise noted, all citations to docket entries refer to the docket in *Frazier v. Prince George's County*, No. 8:22-cv-01768-PJM (D. Md. filed July 19, 2022).

Every night, hundreds of people remain jailed awaiting trial in Prince George's County, Maryland even though a judge has found that they may be released. This is because in Prince George's County, judges routinely authorize arrested persons for release, but then delegate the ultimate decision as to whether, when, and on what conditions the person may be released to administrative personnel in the County Department of Corrections. These non-judge officials, operating under no set schedule and no judicial standards, delay making a decision for weeks or months while presumptively innocent people remain jailed. Frequently, the officials decline to release persons pursuant to the County's own opaque process and criteria, despite judicial authorization to do so.

Plaintiffs seek to represent a putative class of people detained by these procedures, who comprise approximately one-third of the nearly 1,000 people in the County Jail on any given night. On July 19, 2022, Plaintiffs filed a Motion for a Preliminary Injunction, Doc. 2, which the District Court summarily denied on March 14, 2023, in a one-paragraph opinion, without making any findings of fact, identifying or applying the relevant legal standard, or providing any legal analysis or explanation of its reasons. *See* Order, Doc. 108, *attached as* Exhibit A.

The Order denies injunctive relief to hundreds of persons who are detained, and in some cases have been detained for months or years, in violation of their rights under the Fourteenth Amendment to the U.S. Constitution. Each additional day of

unconstitutional detention results in additional, irreparable harm. Plaintiffs now appeal this denial,[2] and respectfully move for summary reversal pursuant to Local Rule 27(f). Plaintiffs ask this Court to remand the case with an instruction that the District Court properly consider Plaintiffs' Motion and articulate reasons for its grant or denial. In the alternative, pursuant to 28 U.S.C. § 1657(a), Federal Rules of Appellate Procedure 27 and 31(a)(2), and Local Rule 12(c), Plaintiffs respectfully move for expedited consideration of this appeal.[3]

## **Background**

On July 19, 2022, Plaintiffs sued Prince George's County, several County officials, and several Maryland District and Circuit Court Judges on behalf of themselves and hundreds of others similarly situated, alleging that the County's pretrial detention system violates Plaintiffs' constitutional rights to due process and separation of powers. *See* Complaint, Doc. 1.

On the same day that they filed their Complaint, Plaintiffs moved for preliminary injunctive relief as to Defendants Prince George's County and the County officials ("the County Defendants"). *See* Mem. in Support of Pls.' Mot., Doc. 8. Along with their Motion, Plaintiffs filed 47 exhibits: declarations by the County

---

[2] This Court has jurisdiction because an order denying a preliminary injunction is an immediately appealable interlocutory order. 28 U.S.C. § 1292(a)(1).

[3] Pursuant to Local Rule 27(a), counsel for Defendants have been notified of Plaintiffs' intent to file this motion and have informed undersigned counsel that they oppose it.

Defendants themselves, documents produced by the County in response to public information requests and/or prior litigation, declarations by several current and recent County public defenders, declarations by each Plaintiff, relevant documents from each Plaintiff's criminal court matter(s), and more. *See* Exhibits to Pls.' Mot., Docs. 2-2–2-49.

The Motion was fully briefed by the parties. In its response, the County conceded that, "generally [Plaintiffs'] account of the [Pretrial] process is correct." *See* Mem. in Support of County Mot. to Dismiss and Opp. to Preliminary Injunction, Doc. 64-1, at 6. The County's Statement of Facts mirrored Plaintiffs' Statement of Facts in all relevant respects. *Id.* at 6–9. Because the material facts were not contested, the briefing on Plaintiffs' Motion and Defendants' Motions to Dismiss consisted primarily of disputes about how the law applies to those uncontested facts.[4]

Over Plaintiffs' objections, resolution of Plaintiffs' Motion was delayed for several months. *See* Pls.' Opp. to Defs.' Request for Continuance, Doc. 45. Briefing on Plaintiffs' Motion was completed on October 10, 2022. *See* Order, Doc. 56, at 2. The District Court did not hold a hearing on Plaintiffs' Motion. *See* Order, Doc. 80.

On March 2, 2023, the District Court held a status conference, ostensibly to

---

[4] *See id.*; Judge Defs.' Mot. to Dismiss, Doc. 66; Pls.' Opp. to Defs.' Mots. to Dismiss, Doc. 71; Pls.' Reply in Support of Mot. for a Preliminary Injunction, Doc. 72; County Reply in Support of Mot. to Dismiss, Doc. 77; Judge Defs.' Reply in Support of Mot. to Dismiss, Doc. 78.

discuss the case schedule.[5] *See* Exhibit B. During the scheduling conference, and without legal argument on the merits, the District Court stated that it was inclined to deny Plaintiffs' Motion because "I don't have enough of a record to even know whether a preliminary injunction should issue." Exhibit C, Transcript (Mar. 2, 2023), at 6:12–14. The Court did not make any factual findings as to Plaintiffs' Motion, but instead alluded to concerns about the nature of preliminary injunctions in general. *See id.* at 7:2–5 ("[Y]ou end up with a motion for a preliminary injunction doing essentially the same kind of discovery you are going to do on the merits, which is why I have deferred so far on that because it's just duplicative.").

On March 14, 2023, without having held a substantive hearing on the Motion, the District Court summarily denied Plaintiffs' Motion in a single paragraph "for the reasons stated on the record during the March 2, 2023 telephone conference." Order, Ex. A. "In denying relief, the district court did not make specific findings of fact, *see* Fed. R. Civ. P. 52(a)(2), nor did it mention the factors set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)." *Crussiah v. Inova Health Sys.*, 688 F. App'x 218, 219 (4th Cir. 2017).

---

[5] Prior to this conference, the District Court denied in part and granted in part Defendants' Motions to Dismiss. *See* Mem. Opinion, Doc. 90. In relevant part, the District Court allowed Plaintiffs' claims against the County for equitable relief to proceed. *Id.* at 22. While Motions to Reconsider parts of the District Court's Motion to Dismiss Order are currently pending, *see* Docs. 97-3, 98, those motions do not touch on Plaintiffs' claims against the County for equitable relief, which remain live.

Plaintiffs now seek summary reversal and remand with an order for the District Court to consider Plaintiffs' Motion, make specific findings of fact, and apply the relevant preliminary injunction factors. In the alternative, Plaintiffs seek expedited consideration and a briefing schedule for this appeal.

## I.     This Court Should Summarily Reverse the District Court's Denial of the Preliminary Injunction and Remand for Full Consideration of Plaintiffs' Motion.

Denial of a preliminary injunction is reviewed "for clear error and its legal conclusions de novo." *League of Women Voters of N. Carolina v. North Carolina*, 769 F.3d 224, 235 (4th Cir. 2014) (quoting *Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013)) (cleaned up). This Court's Rules permit summary disposition of an appeal where the movants make "a showing that the issues raised on appeal are in fact manifestly unsubstantial and appropriate for disposition by motion." Local Rule 27(f)(1).

Plaintiffs' request for summary reversal is based on a manifestly unsubstantial issue—a clear deficiency in the District Court's Order. "In granting or refusing an interlocutory injunction, the court must . . . state the findings and conclusions that support its action." Fed. R. Civ. P. 52(a)(2). This Court has spoken clearly that "Rule 52(a)(2) requires that the district court make particularized findings of fact and conclusions of law supporting its decision to grant or deny a preliminary injunction; such findings are necessary in order for an appellate court to conduct meaningful

appellate review." *Bratcher v. Clarke*, 725 F. App'x 203, 206 (4th Cir. 2018); *see also, e.g.*, *TEC Eng'g Corp. v. Budget Molders Supply, Inc.*, 82 F.3d 542, 545 (1st Cir. 1996) (reversing four-page order on preliminary injunction lacking "explicit findings of fact or conclusions of law"). That has not happened here. Because the District Court did not make any factual or legal findings or explain why it denied Plaintiffs' Motion, Plaintiffs are not in a position to articulate the applicable factual or legal issues for this Court's review. Summary reversal, vacatur, and remand is therefore appropriate for the District Court to apply the correct standard and make specific findings pertinent to Plaintiffs' Motion.

In *Bratcher*, this Court held that the district court abused its discretion where, in denying a preliminary injunction request, it "cited the factual allegations in Bratcher's complaint but only stated that Bratcher failed to make a satisfactory showing on any of the *Winter* factors [for a preliminary injunction]." *Bratcher*, 725 F. App'x at 206 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Although previous orders contained findings and conclusions, the district court's denial did not contain "specific factual findings and conclusions of law" pertaining to the preliminary injunction request. *Id.*; *see also*, *e.g.*, *Crussial*, 688 F. App'x at 219 (vacating denial of preliminary injunctive relief for failure to make specific findings of fact and address the *Winter* factors); *Greenhill v. Clarke*, 672 F. App'x 259, 260 (4th Cir. 2016) ("In the absence of any such specific findings, we are

constrained to conclude that the district court abused its discretion in denying the requested injunction . . . .").

Here, the District Court provided even less than the district court in *Bratcher*. The totality of the written reasons for denying Plaintiffs' Motion consists of a reference to "the reasons stated on the record during the March 2, 2023 telephone conference." Order, Ex. A. Critically, that telephone conference purported to address scheduling; the parties received no notice that argument on Plaintiffs' Motion would be heard. Nevertheless, Plaintiffs have scoured the transcript of that conference for every reason or possible explanation given by the District Court to account for the denial. For this Court's convenience, Plaintiffs include every relevant statement they have identified below:

> THE COURT: . . . The motion for a preliminary injunction is problematic, and here is why. Right now, I don't have enough of a record to even know whether a preliminary injunction should issue in this case. That was my problem when I got . . . the plaintiffs' pleading, I couldn't understand who was claiming what, to be candid, and that's why I asked for the further explanation who is in, for what, and why, who did it; show me what you have got.

> And the same is true with regard to a motion for preliminary injunction. Ordinarily, . . . when you file a motion for preliminary injunction, . . . there is a discovery period for [the motion]. How do I know whether the plaintiff is more likely to prevail on the merits or not? How do I know what the other considerations are? I need a record for that.

> And so you end up with a motion for preliminary injunction doing essentially the same kind of discovery you are going to do on the merits, which is why I have deferred so far on that because it's just duplicative, and to have a hearing, and even if I were asked to decide it today, my

answer would probably be I can't issue [a] . . . preliminary injunction at this point because I don't have enough of a record to know. And that's really where you are in the case.

So it's sort of, I think, an academic point from my standpoint since you already will be on track to discovery items that would be relevant to a merits decision.

Transcript, Ex. C at 6:11–7:12.

After the parties were permitted to make brief argument on the issue of whether a factual dispute existed, the District Court made additional statements summarizing its likely conclusion:

THE COURT: . . . Look, I don't need to spend a lot of time on this. The likely - - almost certainly, [Plaintiffs' counsel], now, in response to your motion for preliminary injunction, I would deny it. . . . . I would deny it because you seem to be assuming, and I don't think defense agrees with you, that you are all together on the facts. You aren't.

There are all these issues of just exactly what is going down with the old policy, the new policy, and so on and so forth, and that requires extensive briefing, it requires extensive discovery just on that issue, which is all duplicative of where you are going to be on the merits anyway.

So my short answer is I'd almost certainly deny your motion for preliminary injunction without prejudice . . . to your going forward on the merits.

I mean, I hear your argument, but it's just, quite candidly, impractical, quite impractical. Are people still hooked in longer than you think they should be? Possibly. I am not saying now that you will on the merits, but in a preliminary injunction, it's an adversary hearing. It's not like an ex parte injunction where you get it on your say so. And there are arguments to be made fairly by the defendants in this case, you saw that in my earlier order, that don't go your way. And so that's the way I need to handle this.

> So, I mean, you can say what you will about the preliminary injunction, and I have given you an opportunity to make your statement, but almost certainly now, if you are going to press it, I am going to deny it without prejudice. And maybe that's the way to do it. Maybe just to sort of put it to rest, rather than say anymore, I will deny it - - on the record you have got right now, I am prepared to deny it. I don't even need to mince words on it. On the record you have got now, I am prepared to deny without prejudice your motion for preliminary injunction, and that means that you can go forward on the merits, period.

Transcript, Ex. C at 13:14–14:22.

Interpreting the District Court's concern to be principally about disputed facts, Plaintiffs' counsel offered to confer with Defendants' counsel to reach a set of factual stipulations for the purposes of Plaintiffs' Motion. The District Court indicated that stipulated facts would not make a difference. It granted ten days for the parties to confer about a settlement, but said that if such a settlement were not reached, it would deny Plaintiffs' Motion:

> THE COURT: . . . No. No. I think, candidly, . . . I don't want further discovery on preliminary injunction. I don't want a hearing on preliminary injunction because I think it's all - - it's essentially duplicative. I don't know that - - I would be surprised if they will agree with you, but I don't know that the defendants are going to agree with you on enough facts that would allow me to grant preliminary relief favorable to the plaintiffs at this point.
>
> I almost certainly, given the package I am going to get from you after ten days, I am going to say denied without prejudice.

Transcript, Ex. C at 16:10–21.

The discussion on the record at the scheduling conference does not include any findings of fact. Nor does it address any of the four preliminary injunction

factors set forth in *Winter*. These deficiencies are clear and unambiguous. The appealed Order lacks any considered decisionmaking on either the facts or law of Plaintiffs' Motion, and a straightforward application of Rule 52(a)(2) requires reversal, rendering the issues on this appeal "manifestly unsubstantial." *See, e.g.*, *Brogle v. S.C. Elec. & Gas Co.*, 509 F.2d 1216 (4th Cir. 1975) (granting summary reversal of summary judgment decision based on misapplication of precedent).

Moreover, despite the District Court's statements about the lack of a record, Plaintiffs' initial motion was supported by substantial evidence establishing a factual basis for the challenged practices. *See* Exhibits to Pls.' Mot., Docs. 2-2–2-49. Defendants have not seriously contested any of those facts, instead admitting that "generally [Plaintiffs'] account of the process is correct." Doc. 64-1 at 6; *see also* Doc. 71 at 5–6 (describing immaterial disputes and agreement on pertinent facts). Regardless, to the extent the District Court had substantive concerns about whether Plaintiffs' evidence supported preliminary injunctive relief, it was bound to issue a reasoned denial applying the *Winter* factors so that this Court could engage in meaningful appellate review.

Summary reversal is all the more appropriate here due to the ongoing harm to Plaintiffs. Every additional day of unconstitutional jailing inflicts additional, irreparable harm to Plaintiffs and putative class members. *See* Mem. in Support of Pls.' Mot., Doc. 8, at 35–39. Engaging in extensive appellate briefings on the merits

of Plaintiffs' Motion, where the District Court has failed to create a reviewable record, would further delay Plaintiffs' efforts to halt the irreparable harm they continue to face. *See Grimmett v. Freeman*, 59 F.4th 689, 696 (4th Cir. 2023) (vacating order denying preliminary injunction and remanding for district court to address unconsidered *Winter* factors). This Court is "a court of review, not of first view." *Lovelace v. Lee*, 472 F.3d 174, 203 (4th Cir. 2006) (citation omitted). Summary disposition is both appropriate and necessary.

## II.  Alternatively, This Court Should Grant Expedited Consideration of This Appeal to Avoid Unnecessary Delay Inflicting Irreparable Harm on Plaintiffs.

In the alternative, Plaintiffs move for expedited briefing and consideration of this appeal. Pursuant to 28 U.S.C. § 1657(a), "the court shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief." Plaintiffs appeal a denial of preliminary injunctive relief. Accordingly, should summary disposition be denied, the appeal should be expedited to permit this Court's review as soon as possible following briefing by the parties.

The circumstances here heighten the need for expedited consideration. The Supreme Court has recognized that, in cases alleging unlawful pretrial detention, "[r]elief . . . must be speedy if it is to be effective." *Stack v. Boyle*, 342 U.S. 1, 4 (1951); *accord id*. at 12 (Jackson, J., concurring) ("[U]nless it can be reviewed before sentence, it never can be reviewed at all."). Accordingly, courts of appeals,

including this Court, regularly accelerate briefing in cases challenging the constitutionality of detention. *See, e.g.*, *Timms v. Johns*, No. 10-6496, Doc. 14 (4th Cir. Apr. 7, 2010) (ordering expedited briefing on appeal of civil detention order); *Arevalo v. Hennessy*, No. 17-17545, Doc. 15 (9th Cir. Jan 5, 2018) (granting emergency motion to expedite bail appeal); *United States v. Smith*, 835 F.2d 1048, 1048 (3d Cir. 1987) ("We expedited the appeal and our consideration of this case, as is appropriate in all bail matters.").

This case falls squarely within that precedent. The crux of Plaintiffs' claims is that they are illegally detained prior to trial. Each day of unconstitutional detention inflicts additional irreparable harm upon Plaintiffs and putative class members. *See* Mem. in Support of Pls.' Mot., Doc. 8, at 35–39. "[T]he harm from detention pursuant to an unlawful policy cannot be remediated after the fact." *R.I.L-Rv. Johnson*, 80 F. Supp. 3d 164, 191 (D.D.C. 2015).

For the foregoing reasons, Plaintiffs propose the following expedited briefing and oral argument schedule in this matter:

- May 1, 2023: Plaintiffs file their opening merits brief;

- May 22, 2023: Defendants-Appellees file their response brief;

- June 12, 2023: Plaintiffs file their reply brief;

- Given the record, Plaintiffs do not believe that oral argument is necessary. Should this Court require oral argument, Plaintiffs request it be held at

the earliest possibly opportunity after briefing is complete.

Respectfully submitted this 18th day of April, 2023.

Ellora Thadaney Israni (D.C. Bar 1740904)*
Ryan Downer (D.C. Bar 1013470)
Jeremy D. Cutting (D.C. Bar 90000661)
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009
(202) 894-6132
ellora@civilrightscorps.org

/s/ Seth Wayne
Seth Wayne (D.C. Bar 888273445)*
INST. FOR CONST. ADVOCACY & PROTECTION
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Ave. NW
Washington, D.C. 20001
(202) 662-9042
sw1098@georgetown.edu

Edward Williams
Matthew Martens
Thomas Bredar
Ellen Connell
Donna Farag
Ayana Williams
Sonika Data
Britany Riley-Swanbeck
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
(202) 663-6487
ed.williams@wilmerhale.com
matthew.martens@wilmerhale.com

Robert Boone

WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
robert.boone@wilmerhale.com

Timothy Perla
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
timothy.perla@wilmerhale.com

* Admitted to the Bar of this Court

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2023, I electronically filed the foregoing corrected motion for expedited briefing schedule by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Seth Wayne
*Counsel for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

Pursuant to FRAP 32(g)(1), I hereby certify that the foregoing corrected motion complies with the type-volume limitation in FRAP 27(d)(2)(A). According to Microsoft Word, the motion contains 3,360 words and has been prepared in a proportionally spaced typeface using Times New Roman in 14-point size.

/s/ Seth Wayne
*Counsel for Plaintiffs*